UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DAVID SHEPHERD, | NO. CIV. 2:09-01916 WBS GGH |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION TO DISMISS AND MOTION TO STRIKE |
| AMERICAN HOME MORTGAGE SERVICES, INC.; AMERICAN BROKERS CONDUIT; AHMSI DEFAULT SERVICES, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE NATIONAL TRUST COMPANY; TREE HOUSE FINANCIAL MORTGAGE COMPANY; RAME ALBERT BATTA; and DOES 1-20 inclusive, | |
| Defendants. | |

----oo0oo----

Plaintiff David Shepherd filed this action against defendants American Home Mortgage Services, Inc. ("AHMSI"), American Brokers Conduit, AHMSI Default Services, Inc. ("AHMSI Default Services"), Mortgage Electronic Registration Systems,

Inc. ("MERS"),[1] Deutsche National Trust Company ("Deutsche"), Tree House Financial Mortgage Company ("Tree House"), and Rame Albert Batta, alleging various state and federal claims relating to a loan he obtained to refinance his home in Sacramento, California.  MERS moves to dismiss plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  In his FAC, plaintiff asserts ten causes of action against seven defendants.  MERS's motion to dismiss challenges only the causes of action that apply to MERS. (Mot. Dismiss 1-2.)

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely

---

[1] Plaintiff argues in his opposition that MERS is not licensed to conduct business in California.  However, MERS is statutorily exempted from the requirement to obtain a certificate of qualification to conduct business in California.  MERS registered as a Delaware corporation, which is a foreign corporation under California law. Cal. Corp. Code §§ 167, 171.  MERS is not required to obtain a certificate of qualification from the Secretary of State because it does not "transact intrastate business" within the meaning of the statute. See Lomboy v. SCME Mortgage Bankers, No. C-091160 SC, 2009 WL 1457738, at *3 (N.D. Cal. May 26, 2009).

consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 556-57).

In general a court may not consider items outside the pleadings upon deciding a motion to dismiss, but may consider items of which it can take judicial notice. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

Plaintiff and defendant have each submitted a RJN. Plaintiff's RJN contains one exhibit, an unpublished article entitled "Foreclosure, Subprime Mortgage Lending and the Mortgage Electronic Registration System." Defendant's RJN contains five documents: (1) a copy of the Deed of Trust, recorded in the Official Records of Sacramento County on April 30, 2007; (2) a copy of the Assignment of the Deed of Trust, recorded in the Official Records of Sacramento County on April 30, 2009; (3) a copy of the Substitution of Trustee, recorded in the Official Records of Sacramento County on April 24, 2009; (4) a copy of the Notice of Default and Election to Sell Under Deed of Trust recorded in the Official Records of Sacramento County on March 18, 2009; and (5) a copy of the Notice of Trustee's Sale recorded in the Official Records of Sacramento County on June 24, 2009. The court will take judicial notice of the exhibits in

3

defendant's RJN, as they are matters of public record whose accuracy cannot be questioned. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). However, the court denies plaintiff's RJN because it asks for notice of an unpublished article which expresses opinions of the author that may be reasonably questioned.

### A. Negligence

To prove a cause of action for negligence, plaintiff must show "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff injury." Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." Vasquez v. Residential Invs., Inc., 118 Cal. App. 4th 269, 278 (2004). Plaintiff argues that MERS owed a duty to "perform acts in such a manner as to not cause [p]laintiff harm" in its administrative function of recording, maintaining and transferring documents relating to plaintiffs' loan. (FAC ¶ 76.) Plaintiff contends that MERS also breached its duty of care when it took payments to which it was not entitled, charged fees it was not entitled to charge, and made or authorized negative reports of plaintiff's creditworthiness to credit bureaus. (Id. at ¶ 77.) Plaintiff argues in his opposition that MERS breached this duty "when, without proper authority, it assigned its beneficial interest in [p]laintiff's deed to [d]efendant AHMSI." (Opp'n 16:11-14.)

Plaintiff cites no authority for the proposition that

4

MERS owed a duty to not cause plaintiffs harm in its administrative capacity of recording, maintaining and transferring documents related to their loan.  Absent such authority, a pleading of an assumption of duty by MERS, or a special relationship, plaintiff cannot establish MERS owed a duty of care.  See Hardy v. Indymac Federal Bank, --- F.R.D. ---, No. CV F 09-935 LJO SMS, 2009 WL 2985446, at *7 (E.D. Cal. Sept. 15, 2009); Bentham v. Aurora Loan Servs., No. C-09-2059 SC, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009).  As the listed nominee and beneficiary under the Deed of Trust, MERS had authority to assign its beneficial interest to another party.  See Cal. Civ. Code § 1934 ("Any assignment of a mortgage and any assignment of the beneficial interest under a deed of trust may be recorded, and from the time the same is filed for record operates as constructive notice of the contents thereof to all persons."); Bentham, 2009 WL 2880232 at *3.

Additionally, the FAC does not indicate which breaches of this alleged duty apply to MERS.  (FAC ¶ 61.) Defendant should not be forced to guess how its conduct was allegedly negligent. See Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983); Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).  Although plaintiff offers more details about MERS's alleged breaches in his opposition, the court cannot consider materials outside of the complaint on a Rule 12(b)(6) motion to dismiss.  Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). The FAC groups together accusations against all defendants, and is completely unclear as to how MERS, a nominee beneficiary, somehow breached a

5

duty to create loan documents and provide disclosures to plaintiff that are normally responsibilities of the lender. The FAC fails to state that MERS has breached a cognizable legal duty, and accordingly the court will grant MERS's motion to dismiss plaintiff's cause of action for negligence.

> B.   Fraud

In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of Young, 160 Cal. App. 4th 62, 79 (2008). Under the heightened pleading requirements for claims of fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). The plaintiffs must include the "who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1006 (9th Cir. 2003) (citation omitted); Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir. 1994). Additionally, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." Ricon v. Reconstrust Co., No. 09cv937, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987)).

Plaintiffs' fraud allegations do not even come close to surviving a motion to dismiss. Plaintiff alleges that MERS engaged in fraud when it "misrepresented to [p]laintiff on the Deed of Trust that it is a qualified beneficiary" and

"misrepresented that it followed the applicable legal requirements to transfer the Note and Deed of Trust to subsequent beneficiaries." (FAC ¶ 102.) Even though plaintiffs reincorporate their earlier allegations to this cause of action, this conclusory statement does not identify with specificity what representations MERS specifically made, when they were made, who made them, or why they were false.

Plaintiff also does not state how MERS's alleged misrepresentation of its rights as a beneficiary on the deed harmed him. Instead plaintiff makes the conclusory statement that "he was harmed and suffered damages." (FAC ¶ 108.) At the pleading stage, the complaint "must show a cause and effect relationship between the fraud and damages sought; otherwise no cause of action is stated." Small v. Fritz Companies, 30 Cal. 4th 167, 202 (2003)(quotation omitted). Without such information it is impossible for the court to determine if plaintiff cannot state a cause of action for fraud because "the damages sustained were otherwise inevitable or due to unrelated causes." Goehring v. Chapman Univ., 121 Cal. App. 4th 353, 365 (2004). Without pleading facts to explain this causal connection, plaintiff's cause of action must fail. See Iqbal, 129 S. Ct at 1949.

Additionally, the conclusory allegations that MERS played a key part in a conspiracy where loans were pooled, put into trusts, and had securities sold off of them by enabling members to disregard legal requirements for the transfer of an interest in real property are "mere labels and conclusions" that are prohibited by Federal Rule of Civil Procedure 8(a)(2). Twombly, 550 U.S. at 555. Other courts have summarily rejected

7

the argument that companies like MERS lose their power of sale pursuant to the deed of trust when the original promissory note is assigned to a trust pool. See, e.g., Hafiz v. Greenpoint Mortgage Funding, Inc., No. 09-1729, 2009 WL 2137393, at *2 (N.D. Cal. July 16, 2009). "Rule 9(b) does not allow a complaint merely to lump multiple defendants together but require(s) [p]laintiff to differentiate the allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG, LLP, 476 F.3d 756, 764-765 (9th Cir. 2007)(quotation omitted). Plaintiff has not stated what role MERS played in the alleged scheme to defraud plaintiff in any detail. Plaintiff simply states that "[d]efendants, each and every one of them, conspired together to perpetrated [sic] the fraud alleged herein over the course of several years." (FAC ¶ 110.) There is no reason to relax the requirements of Rule 9(b) on the basis of conclusory allegations of a fraudulent scheme.

Accordingly, plaintiff's allegations against MERS fail to meet Rule 9(b)'s heightened pleading standard, and the court will grant MERS's motion to dismiss plaintiff's fraud cause of action.

C.  Wrongful Foreclosure

Plaintiff's FAC purports to state a claim for "wrongful foreclosure" against MERS. Plaintiff has failed to produce any common law rule or authority providing for a claim for "wrongful foreclosure" at law. See Fortaleza v. PNC Fin. Servs. Group, Inc., --- F.Supp.2d ---, No. C 09-2004 PJH, 2009 WL 2246212, at *11 (N.D. Cal. July 27, 2009). Wrongful foreclosure is an action

8

in equity, where a plaintiff seeks to set aside a foreclosure sale. See Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1009 (1996); Karlsen v. American Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971). Plaintiff has also failed to allege that MERS initiated a foreclosure sale, since MERS had already assigned its beneficial interest in the Deed of Trust prior to the foreclosure, and the sale was initiated by T.D. Service Company. (Def.'s RJN Exs. 2, 4, 5.) Without MERS's initiation of such a foreclosure sale, plaintiff cannot maintain a cause of action in equity to set aside a wrongful foreclosure. See Brittain v. Indymac Bank, No. C-09-2953 SC, 2009 WL 2997394, at *1 (N.D. Cal. Sept. 16, 2009). Plaintiff concedes as much in his reply, requesting that the wrongful foreclosure action be dismissed without prejudice. (Opp'n 21:13-21.) Despite this request, the court will continue to explain the remaining deficiencies in plaintiff's claim to avoid future defective pleadings from plaintiff should he choose to amend his complaint.

Plaintiff attempts to base this claim first on California Commercial Code section 3301, alleging that MERS was not in possession of the Note, and is not a beneficiary, assignee or employee of the entity in possesssion of the note, and is therefore is not "person entitled to enforce" the security interest on the property in accordance with section 3301. However, section 3301 reflects California's adoption of the Uniform Commercial Code, and does not govern non-judicial foreclosures, which is governed by California Civil Code section 2924. See Gaitan v. Mortgage Elec. Registration Sys., No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729, at *10 (C.D. Cal. Oct. 5,

2009). "The comprehensive statutory framework established to govern nonjudicial foreclosure sales is intended to be exhaustive." Moeller v. Lien, 25 Cal. App. 4th 822, 834 (1994). Under California law, there is no requirement for the production of the original note to initiate a non-judicial foreclosure. Oliver v. Countrywide Home Loans, Inc., No. CIV S-0-1381 FCD GGH, 2009 WL 3122573, at *3 (E.D. Cal. Sept. 29, 2009)(citing Alvara v. Aurora Loan Servs., No. C-0-1512 SC, 2009 WL 1689640, at *6 (N.D. Cal. Jun. 16, 2009)); Kamp v. Aurora Loan Servs., No. SACV 09-00844-CJC(RNBx), 2009 WL 3177636, at *4, (C.D. Cal. Oct. 1, 2009); Putkkuri v. Recontrust Co.,No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009). Therefore, plaintiff cannot assert a claim based on MERS's failure to comply with an inapplicable commercial code when defendant is not required to "produce the note" according to California law.

Plaintiff also bases his wrongful foreclosure action on the basis of California Civil Code section 2923.5, arguing that "[d]efendants failed to properly record and give proper notice of the Notice of Default" on their property. (FAC ¶ 135.) The FAC does not indicate whether MERS failed to properly give notice, and simply makes a general allegation as to all defendants. This general allegation gives MERS insufficient notice of whether it has committed any conduct to violate section 2923.5, and MERS should not be forced to guess whether it is individually liable for this conduct. See Associated Gen. Contractors of Cal., 459 U.S. at 526.

Plaintiff finally claims that defendants wrongfully foreclosed on plaintiffs' property because they received money

from the Troubled Asset Relief Program ("TARP") under the Emergency Economic Stabilization Act ("EESA"), Pub. L. No. 110-343, 122 Stat. 3765 (Oct. 3, 2008), and are therefore subject to the Department of Treasury's guidelines for the Making Homes Affordable Program, H.R. 142 Title I § 109-110, which requires TARP recipients to suspend foreclosures and consider alternative foreclosure prevention options.  However, plaintiffs have not alleged MERS received TARP funds, simply pleading that "some or all of the [d]efendants" received such funds.  This is insufficient and forces MERS to guess as to its liability.  See Associated Gen. Contractors of Cal.,459 U.S. at 526. Accordingly, plaintiff cannot state a claim upon which relief can be granted and the court will grant MERS's motion to dismiss plaintiff's wrongful foreclosure cause of action.

     D.    California's UCL

     California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or fraudulent business act or practice."  Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  This cause of action is generally derivative of some other illegal conduct or fraud committed by a defendant, and "[a] plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation."  Khoury v. Maly's of Cal., Inc., 14 Cal. App. 4th 612, 619 (1993).

     Plaintiff's claim under the UCL is vague and conclusory, simply alleging that "[d]efendants' acts as alleged herein constitute unlawful, unfair, and/or fraudulent business practices."  (FAC ¶ 113.)  Plaintiff identifies no specific

11

practices of MERS that it finds to be "unfair" in its cause of action. The court has already indicated it will dismiss plaintiff's other causes of action for negligence, fraud, and wrongful foreclosure against MERS for failure to state a claim. Since plaintiffs have failed to state a claim on any of these grounds, and because these grounds appear to be the sole basis for plaintiff's UCL claim, they by necessity have failed to state a claim against MERS under the UCL. Accordingly, the court will grant MERS's motion to dismiss plaintiff's UCL cause of action.

E.   Motion to Strike

Defendant additionally moves to strike the portions plaintiffs' complaint which request for punitive damages. (Mot. Strike 2:10-18.) Defendant's motion will be denied as moot, since all claims against defendant have been dismissed.

IT IS THEREFORE ORDERED that defendant MERS's motion to dismiss plaintiff's First Amended Complaint against defendant MERS be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion to strike be, and the same hereby is, DENIED as moot.

Plaintiff has thirty days from the date of this Order to file an amended complaint, if he can do so consistent with this Order.

DATED:   November 11, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE