UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DAVID SHEPHERD,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN HOME MORTGAGE SERVICES, INC.; AMERICAN BROKERS CONDUIT; AHMSI DEFAULT SERVICES, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DEUTSCHE NATIONAL TRUST COMPANY; TREE HOUSE FINANCIAL MORTGAGE COMPANY; RAME ALBERT BATTA; and DOES 1-20 inclusive,<br><br>    Defendants.<br>_____/ | NO. CIV. 2:09-1916 WBS GGH<br><br><u>MEMORANDUM AND ORDER RE:<br>MOTION TO DISMISS</u> |

----oo0oo----

    Plaintiff David Shepherd filed this action against defendants American Home Mortgage Services, Inc. ("AHMSI"), American Brokers Conduit, AHMSI Default Services, Inc. ("AHMSI Default Services"), Mortgage Electronic Registration Systems,

1

Inc. ("MERS"), Deutsche National Trust Company ("Deutsche"), Tree House Financial Mortgage Company ("Tree House"), and Rame Albert Batta, alleging various state and federal claims relating to a loan he obtained to refinance his home in Sacramento, California. AHMSI and Deutsche move to dismiss plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

In his FAC, plaintiff asserts ten causes of action against seven defendants. AHMSI and Deutsche's motion to dismiss challenges only the causes of action that apply to AHMSI and Deutsche.

A.  <u>California Rosenthal Fair Debt Collection Practices Act</u>

Plaintiff's second cause of action alleges that AHMSI violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788.1-1788.33. The RFDCPA prohibits a host of unfair and oppressive methods of collecting debt, but to be liable under the RFDCPA a defendant must fall under its definition of "debt collector." <u>Izenberg v. ETS Svcs., LLC</u>, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). A "debt collector" under the RFDCPA is "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c) (2008).

Plaintiff does not identify the sections of the RFDCPA that AHMSI allegedly violated in his FAC and fails to allege facts that would support the inference that AHMSI is a "debt collector" under the RFDCPA. Instead, the FAC contains only a

2

conclusory restatement of the definition of "debt collector" under the RFDCPA, (FAC ¶ 68.), and fails to allege other essential elements of the statute necessary to establish liability as a "debt collector," namely that the deed of trust memorializes a "consumer credit transaction" and that the amount owed under the deed of trust is a "consumer debt" according to the RFDCPA.  See Cal. Civ. Code § 1788.2(b)-(f).  Such broad allegations, without even identifying what part of the RFDCPA AHMSI violated, are insufficient to survive a motion to dismiss.  See Rosal v. First Fed. Bank of Cal., No. C 09-1276 PJH, 2009 WL 2136777, at *18 (N.D. Cal. July 15, 2009).

          Additionally, foreclosure pursuant to a deed of trust does not constitute debt collection under the RFDCPA.  See Izenberg, 589 F. Supp. 2d at 1199; see also Rosal, 2009 WL 2136777, at *18 (dismissing RFDCPA claim as to all defendants in foreclosure case); Ricon v. Recontrust Co., No. 09-937, 2009 WL 2407396, at *4 (S.D. Cal. Aug. 4, 2009) (dismissing with prejudice plaintiff's unfair debt collection claims in foreclosure case); Pittman v. Barclays Capital Real Estate, Inc., No. 09-0241, 2009 WL 1108889, at *3 (S.D. Cal. Apr. 24, 2009) (dismissing with prejudice plaintiff's RFDCPA claim in foreclosure case because a "residential mortgage loan does not qualify as a 'debt' under the statute"); Gallegos v. Recontrust Co., No. 08-2245, 2009 WL 215406, at *3 (S.D. Cal. Jan. 28, 2009) (dismissing RFDCPA claim in foreclosure case).  Since residential mortgage loans do not fall within the RFDCPA, the court must grant AHMSI's motion to dismiss plaintiff's cause of action under the RFDCPA.

B. <u>Negligence</u>

To prove a cause of action for negligence, plaintiff must show "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff injury." <u>Mendoza v. City of Los Angeles</u>, 66 Cal. App. 4th 1333, 1339 (1998) (citation omitted). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." <u>Vasquez v. Residential Invs., Inc.</u>, 118 Cal. App. 4th 269, 278 (2004). Plaintiff argues that AHMSI and Deutsche owed a duty to "perform acts in such a manner as to not cause [p]laintiff harm". (FAC ¶ 76.) Plaintiff argues that this duty was breached when "[d]efendants . . . failed to maintain the original Mortgage Note, failed to properly create original documents, failed to make the required disclosures to the [p]laintiff and instituted foreclosure proceedings wrongfully." (<u>Id.</u>) Plaintiff further contends that AHMSI and Deutsche also breached their duties of care when they took payments to which they were not entitled, charged fees they were not entitled to charge, and made or authorized negative reports of plaintiff's creditworthiness to credit bureaus. (<u>Id.</u> at ¶ 77.)

Plaintiff cites no authority for the proposition that AHMSI or Deutsche owed a duty to not cause plaintiff harm in their capacities as servicer and sucessor to the original lender in ownership of the loan, respectively. Absent such authority, a pleading of an assumption of duty by AHMSI or Deutsche, or a special relationship, plaintiff cannot establish AHMSI or Deutsche owed a duty of care. See <u>Bentham v. Aurora Loan Servs.</u>,

4

1  No. C-09-2059 SC, 2009 WL 2880232, at *2-3 (N.D. Cal. Sept. 1,
2  2009).  In fact, loan servicers do not owe a duty to the
3  borrowers of the loans they service.  See Watts v. Decision One
4  Mortg. Co., No. 09-43, 2009 U.S. Dist. LEXIS 59694 (S.D. Cal.
5  July 13, 2009); Marks v. Ocwen Loan Servicing, No. 07-2133, 2009
6  WL 975792, at *7 (N.D. Cal. Apr. 10, 2009) ("[A] loan servicer
7  does not owe a fiduciary duty to a borrower beyond the duties set
8  forth in the loan contract").  AHMSI, as the servicer of
9  plaintiff's loan, therefore owed no special duty to prevent harm
10 to plaintiff, and so plaintiff's cause of action for negligence
11 must fail as to AHMSI.

12         Additionally, while California law imposes fiduciary
13 duties on mortgage brokers, no such duty is imposed on the
14 mortgage lender or its agents.  Id. (citing cases).  "'A debt is
15 not a trust and there is not a fiduciary relationship between
16 debtor and creditor as such.'  The same principle should apply
17 with even greater clarity to the relationship between a bank and
18 its loan customers."  Price v. Wells Fargo Bank, 213 Cal. App. 3d
19 465, 476 (1989) (quoting Downey v. Humphreys, 102 Cal. App. 2d
20 323, 332 (1951)); see also Resolution Trust Corp. v. BVS Dev., 42
21 F.3d 1206, 1214 (9th Cir. 1994); Nymark v. Heart Fed. Savings &
22 Loan Assn., 231 Cal. App. 3d 1089 (1991)("[F]inancial
23 institutions owe no duty of care to a borrower when the
24 institution's involvement in the loan transaction does not exceed
25 the scope of its conventional role as a mere lender of money").
26 Plaintiff's FAC simply describes an arms length loan transaction
27 where Deutsche was assigned the beneficial interest in
28 plaintiff's loan.  Plaintiff does not allege that a Deutsche, a

5

financial institution, participated in the financed enterprise beyond the usual practices associated with the lending business. Accordingly, Deutsche owes plaintiff no duty of care.

Finally, the FAC does not indicate which breaches of this alleged duty apply to AHMSI or Deutsche. (FAC ¶ 61.) Defendants should not be forced to guess how their conduct was allegedly negligent. See <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983); <u>Gauvin v. Trombatore</u>, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). Although plaintiff offers more details about AHMSI and Deutsche's alleged breaches in his opposition, the court cannot consider materials outside of the complaint on a Rule 12(b)(6) motion to dismiss. <u>Anderson v. Angelone</u>, 86 F.3d 932, 934 (9th Cir. 1996).[1] The FAC groups together accusations against all defendants, and is completely unclear as to how AHMSI or Deutsche somehow breached a duty to create loan documents and provide disclosures to plaintiff. The FAC fails to state that AHMSI or Deutsche have breached a cognizable legal duty, and accordingly the court will grant AHMSI and Deutsche's motion to dismiss plaintiff's negligence claim.

C.  <u>Real Estate Settlement Procedures Act</u>

The Real Estate Settlement Procedures Act of 1974 ("RESPA") provides that borrowers must be provided certain disclosures

---

[1] One such allegation is that AHMSI's alleged violation of RESPA and Deutsche's alleged violation of California Civil Code section 2924 establish negligence <u>per se</u>. This argument appears nowhere in the FAC, and is questionable given plaintiff's failure to allege precisely how Deutsche violated section 2924 or demonstrate any underlying duty owed by AHMSI or Deutsche to plaintiff. See <u>California Service Station and Auto. Repair Ass'n v. American Home Assur. Co.</u>, 62 Cal. App. 4th, 1166, 1178 (1998).

6

relating to the mortgage loan settlement process.  See 12 U.S.C. § 2601 (2006).  § 2605 relates to the disclosures and communications required regarding the servicing of mortgage loans, and provides that loan servicers have a duty to respond to qualified written requests ("QWRs") from borrowers asking for information relating to the servicing of their loan.  See 12 U.S.C. § 2605(e).  Loan servicers have sixty days after the receipt of a QWR to respond to the borrower inquiry.  12 U.S.C. § 2605(e)(2).  Plaintiff alleges that he mailed a QWR to AHMSI on May 15, 2009 which included a demand to rescind the loan under TILA, and that AHMSI has not responded to the request as required by the statute.  (FAC ¶ 32.)  Contrary to AHMSI's assertions, these allegations are sufficient to put AHMSI on notice and allege that Midland violated its obligations under RESPA.  More than five months have passed since plaintiff mailed his QWR to AHMSI.  This, in itself, violates RESPA.  See 12 U.S.C. § 2605(e)(2).

Plaintiff must, however, allege actual harm to survive a motion to dismiss.  § 2605(f) imposes liability on servicers that violate RESPA and fail to make the required disclosures.  12 U.S.C. § 2605(f).  Although this section does not explicitly make a showing of damages part of the pleading standard, "a number of courts have read the statute as requiring a showing of pecuniary damages in order to state a claim."  Allen v. United Financial Mortg. Corp., No. 09-2507, 2009 WL 2984170, at *5 (N.D. Cal. Sept. 15, 2009).  For example, in Hutchinson v. Del. Sav. Bank FSB, the court stated that "alleging a breach of RESPA duties alone does not state a claim under RESPA.  Plaintiff must, at a

7

minimum, also allege that the breach resulted in actual damages." 410 F. Supp. 2d 374, 383 (D.N.J. 2006).  This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused him actual harm.  See Singh v. Wash. Mut. Bank, No. 09-2771, 2009 U.S. Dist. LEXIS 73315, at *16 (N.D. Cal. Aug. 19, 2009)(dismissing RESPA claim because, "[i]n particular, plaintiffs have failed to allege any facts in support of their conclusory allegation that as a result of defendants' failure to respond, defendants are liable for actual damages, costs, and attorney fees") (quotation marks and citation omitted).

Courts, however, "have interpreted this requirement liberally."  Yulaeva v. Greenpoint Mortg. Funding, Inc., No. 09-1504, 2009 WL 2990393, at *15 (E.D. Cal. Sept. 9, 2009)(Karlton, J.). For example, in Hutchinson, plaintiffs were able to plead such a loss by claiming that they had suffered negative credit ratings as a result of violations of RESPA, 410 F. Supp. 2d at 383, and in Yulaeva, plaintiffs pled pecuniary loss by alleging that they were "required to pay a referral fee that was prohibited under RESPA."  2009 WL 2990393 at *15. Plaintiff here only offers the conclusory statement in his FAC that he "has suffered and continues to suffer damages and costs of suit" as a result of AHMSI's alleged failure to comply with RESPA.  (FAC ¶ 86.)  Even under a liberal pleading standard for harm, this level of generality fails.  Accordingly, the court will grant AHMSI's motion to dismiss plaintiff's RESPA claim.

D. Fraud

8

1        In California, the essential elements of a claim for
2   fraud are "(a) a misrepresentation (false representation,
3   concealment, or nondisclosure); (b) knowledge of falsity (or
4   'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)
5   justifiable reliance; and (e) resulting damage." In re Estate of
6   Young, 160 Cal. App. 4th 62, 79 (2008).  Under the heightened
7   pleading requirements for claims of fraud under Federal Rule of
8   Civil Procedure 9(b), "a party must state with particularity the
9   circumstances constituting the fraud."  Fed. R. Civ. P. 9(b).
10  The plaintiffs must include the "who, what, when, where, and how"
11  of the fraud.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106
12  (9th Cir. 2003) (citation omitted); Decker v. Glenfed, Inc., 42
13  F.3d 1541, 1548 (9th Cir. 1994).  Additionally, "[w]here multiple
14  defendants are asked to respond to allegations of fraud, the
15  complaint must inform each defendant of his alleged participation
16  in the fraud."  Ricon v. Reconstrust Co., No. 09-937, 2009 WL
17  2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting DiVittorio v.
18  Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987)).
19       Plaintiff's fraud allegations do not even come close to
20  surviving a motion to dismiss.  Plaintiff alleges that AHMSI
21  engaged in fraud when it "misrepresented to [p]laintiff that
22  AHMSI has the right to collect monies from [p]laintiff on its
23  behalf or on behalf of other when . . . AHMSI had [sic] no legal
24  right to collect such monies." (FAC ¶ 101.)  Plaintiff fails to
25  even mention Deutsche in this claim, alleging no specific
26  fraudulent statements that Deutsche made to him.  Even though
27  plaintiff reincorporates his earlier allegations to this cause of
28  action, plaintiff's conclusory statements do not identify with

9

specificity what representations AHMSI or Deutsche specifically made, when they were made, who made them, or why they were false.

Plaintiff also does not state how AHMSI or Deutsche's alleged misrepresentations harmed him.  Instead plaintiff makes the conclusory statement that "he was harmed and suffered damages."  (FAC ¶ 108.)  At the pleading stage, the complaint "must show a cause and effect relationship between the fraud and damages sought; otherwise no cause of action is stated." Small v. Fritz Companies, 30 Cal. 4th 167, 202 (2003)(quotation omitted).  Without such information it is impossible for the court to determine if plaintiff cannot state a cause of action for fraud because "the damages sustained were otherwise inevitable or due to unrelated causes." Goehring v. Chapman Univ., 121 Cal. App. 4th 353, 365 (2004). Without pleading facts to explain this causal connection, plaintiff's cause of action must fail. See Iqbal, 129 S. Ct at 1949.

Additionally, the conclusory allegation that AHMSI and Deutsche were part of a conspiracy to perpetrate fraud against plaintiff is a "mere label[] and conclusion[]" that is prohibited by Federal Rule of Civil Procedure 8(a)(2).  Twombly, 550 U.S. at 555.  Plaintiff simply lumps all defendants together and alleged that "each of them" were part of a conspiracy against plaintiff. (FAC ¶ 110.)  "Rule 9(b) does not allow a complaint merely to lump multiple defendants together but require(s) [p]laintiff to differentiate the allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz v. KPMG, LLP, 476 F.3d 756, 764-765 (9th Cir. 2007)(quotation marks

10

omitted). Plaintiff has not stated what role AHMSI or Deutsche played in the alleged scheme to defraud plaintiff in any detail. There is no reason to relax the requirements of Rule 9(b) on the basis of conclusory allegations of a fraudulent scheme. Accordingly, plaintiff's allegations against MERS fail to meet Rule 9(b)'s heightened pleading standard, and the court will grant MERS's motion to dismiss plaintiff's fraud cause of action.

E.   Wrongful Foreclosure

Plaintiff's FAC purports to state a claim for "wrongful foreclosure" against AHMSI and Deutsche. Plaintiff, AHMSI, and Deutsche argue at length about whether plaintiff was obligated to make full tender to maintain a cause of action for wrongful foreclosure. The tender requirement applies to actions at equity to set aside a foreclosure sale for irregularities in the sale. See Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1009 (1996); Karlsen v. Am. Sav. & Loan Assn., 15 Cal. App. 3d 112, 117 (1971). The tender argument is irrelevant, however, because plaintiff has not plead an action in equity to set aside a foreclosure sale, but rather have prayed for damages. Wrongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale. See Abdallah, 43 Cal. App. 4th at 1009; Karlsen, 15 Cal. App. 3d at 117. Plaintiff has also not plead that a foreclosure sale has taken place in this case. Without such a foreclosure sale, plaintiff cannot maintain a cause of action in equity to set aside a wrongful foreclosure. See Vega v. JPMorgan Chase Bank, N.A., --- F. Supp. 2d ----, No. CV F 09-1444 LJO GSA, 2009 WL 2731039, at *6 (E.D. Cal. Aug. 26, 2009).

11

1         Plaintiff attempts to base this claim first on
2  California Commercial Code section 3301, alleging that AHMSI and
3  Deutsche were not in possession of the Note and are not
4  beneficiaries, assignees, or employees of the entity in
5  possession of the note, and therefore are not "person[s] entitled
6  to enforce" the security interest on the property in accordance
7  with section 3301.  However, section 3301 reflects California's
8  adoption of the Uniform Commercial Code, and does not govern non-
9  judicial foreclosures, which is governed by California Civil Code
10 section 2924.  See Gaitan v. Mortgage Elec. Registration Sys.,
11 No. EDCV 09-1009 VAP (MANx), 2009 WL 3244729, at *10 (C.D. Cal.
12 Oct. 5, 2009).  "The comprehensive statutory framework
13 established to govern nonjudicial foreclosure sales is intended
14 to be exhaustive." Moeller v. Lien, 25 Cal. App. 4th 822, 834
15 (1994).  Under California law, there is no requirement for the
16 production of the original note to initiate a non-judicial
17 foreclosure.  Oliver v. Countrywide Home Loans, Inc., No. CIV S-
18 0-1381 FCD GGH, 2009 WL 3122573, at *3 (E.D. Cal. Sept. 29,
19 2009)(citing Alvara v. Aurora Loan Servs., No. C-0-1512 SC, 2009
20 WL 1689640, at *6 (N.D. Cal. Jun. 16, 2009)); Kamp v. Aurora Loan
21 Servs., No. SACV 09-00844-CJC(RNBx), 2009 WL 3177636, at *4 (C.D.
22 Cal. Oct. 1, 2009); Putkkuri v. Recontrust Co.,No. 08cv1919 WQH
23 (AJB), 2009 WL 32567, at *2 (S.D. Cal. Jan. 5, 2009).  Therefore,
24 plaintiff cannot assert a claim based on AHMSI and Deutsche's
25 failure to comply with an inapplicable commercial code when
26 defendants are not required to "produce the note" according to
27 California law.
28        Plaintiff also bases his wrongful foreclosure action on

12

the basis of California Civil Code section 2923.5, arguing that "[d]efendants failed to properly record and give proper notice of the Notice of Default" on their property. (FAC ¶ 135.) The FAC does not indicate whether AHMSI or Deutsche failed to properly give notice, and simply makes a general allegation as to all defendants. This general allegation gives AHMSI and Deutsche insufficient notice of whether they have committed any conduct that violates section 2923.5, and AHMSI and Deutsche should not be forced to guess whether they are individually liable for this conduct. See Gauvin, 682 F. Supp. at 1071.

Plaintiff finally claims that defendants wrongfully foreclosed on plaintiff's property because they received money from the Troubled Asset Relief Program ("TARP") under the Emergency Economic Stabilization Act ("EESA"), Pub. L. No. 110-343, 122 Stat. 3765 (Oct. 3, 2008), and are therefore subject to the Department of Treasury's guidelines for the Making Homes Affordable Program, H.R. 142 Title I § 109-110, which requires TARP recipients to suspend foreclosures and consider alternative foreclosure prevention options. However, plaintiff has not alleged AHMSI or Deutsche received TARP funds, simply pleading that "some or all of the [d]efendants" received such funds. This is insufficient and forces AHMSI and Deutcshe to guess as to their liability. See Gauvin, 682 F. Supp. at 1071. Accordingly, plaintiff cannot state a claim upon which relief can be granted and the court will grant AHMSI and Deutsche's motion to dismiss plaintiff's wrongful foreclosure cause of action.

F.  California's UCL

California's Unfair Competition Law ("UCL"), Cal. Bus.

13

1  & Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or
2  fraudulent business act or practice."  Cal-Tech Commc'ns, Inc. v.
3  L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).  This cause
4  of action is generally derivative of some other illegal conduct
5  or fraud committed by a defendant, and "[a] plaintiff must state
6  with reasonable particularity the facts supporting the statutory
7  elements of the violation."  Khoury v. Maly's of Cal., Inc., 14
8  Cal. App. 4th 612, 619 (1993).

9          Plaintiff's claim under the UCL is vague and
10 conclusory, simply alleging that "[d]efendants' acts as alleged
11 herein constitute unlawful, unfair, and/or fraudulent business
12 practices."  (FAC ¶ 113.)  Plaintiff identifies no specific
13 practices of AHMSI or Deutsche that it finds to be "unfair" or
14 "deceptive" in its cause of action.  The court has already
15 indicated it will dismiss plaintiff's other causes of action for
16 violations of the RFDCPA and RESPA, and negligence, fraud, and
17 wrongful foreclosure against AHMSI and Deutsche for failure to
18 state a claim.  Since plaintiff has failed to state a claim on
19 any of these grounds, and because these grounds appear to be the
20 sole basis for plaintiff's UCL claim, they by necessity have
21 failed to state a claim against AHMSI or Deutsche under the UCL.
22 Accordingly, the court will grant AHMSI and Deutsche's motion to
23 dismiss plaintiff's UCL cause of action.

24         IT IS THEREFORE ORDERED that AHMSI and Deutsche's
25 motion to dismiss plaintiff's First Amended Complaint against
26 AHMSI and Deutsche be, and the same hereby is, GRANTED without
27 prejudice.

28         Plaintiff has twenty days from the date of this Order

14

to file an amended complaint, if he can do so consistent with this Order.

DATED: November 20, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

15