UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DAVID SHEPHERD,

       Plaintiff,

  v.

AMERICAN HOME MORTGAGE SERVICES, INC.; AMERICAN BROKERS CONDUIT; AHMSI DEFAULT SERVICES, INC.; DEUTSCHE NATIONAL TRUST COMPANY; TREE HOUSE FINANCIAL MORTGAGE COMPANY; RAME ALBERT BATTA; NASRAT BATTA; and DOES 1-20 inclusive,

       Defendants.
_____/

NO. CIV. 2:09-1916 WBS GGH

<u>ORDER</u>

----oo0oo----

Plaintiff David Shepherd filed this action in federal court on July 14, 2009, against defendants American Home Mortgage Services, Inc. ("AHMSI"), American Brokers Conduit ("ABC"), AHMSI Default Services, Inc. ("AHMSI Default"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Deutsche National

1

Trust Company ("Deutsche"), Tree House Financial Mortgage Company ("Tree House"), and Rame Albert Batta. (Docket No. 1.) Plaintiff asserted that the basis of this court's jurisdiction over the action was federal question jurisdiction, predicated on his claim for violations of the Truth In Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f. (Docket No. 2.) After plaintiff filed a Second Amended Complaint on December 10, 2009 that no longer asserted any federal claims (Docket No. 43), the court issued an Order on February 2, 2010 requiring the parties to show cause why this action should not be dismissed pursuant to 28 U.S.C. § 1367(c). (Docket No. 46.) Neither plaintiff nor any of the defendants opposed dismissal of this action.[1] (See Docket Nos. 47, 48.)

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3); see also Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) ("[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, them under the conditions set out in § 1367(c)."). Factors for a court to consider in deciding whether to dismiss supplemental state claims include judicial economy, convenience, fairness, and comity. Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th

---

[1] Defendants AHMSI, AHMSI Default, and Deutsche filed a brief indicating their lack of opposition to dismissal. (Docket No. 48.) Rame Batta did not file any statement in response to the court's Order and defendants Tree House, Nasarat Batta, and ABC have not yet appeared in this action.

2

Cir. 1992). "[I]n the usual case in which federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." <u>Reynolds v. County of San Diego</u>, 84 F.3d 1162, 1171 (9th Cir. 1996) <u>overruled on other grounds by</u> <u>Acri</u>, 114 F.3d at 1000.

As none of the parties oppose dismissal of this action and have not posed any extraordinary or unusual circumstances that would counsel against dismissal, the court will decline to exercise supplemental jurisdiction under § 1367(c)(3) as to the Second Amended Complaint's state law claims.

IT IS THEREFORE ORDERED that plaintiff's Second Amended Complaint be, and the same hereby is, DISMISSED without prejudice.

DATED: February 25, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE